UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)   Civil Action No.: 4:12-cv-0409-RBH-TER<br>) |
| Plaintiff, | )<br>) |
| -vs- | )   **AMENDED**[1]<br>)   **REPORT AND RECOMMENDATION**<br>) |
| MICHAEL CHAPMAN and WALTER CHAPMAN, | )<br>)<br>) |
| Defendants. | )<br>) |

This is an interpleader action. Presently before the Court is Plaintiff's Motion to Dismiss (Document # 37). Because Defendants are pro se, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. A status conference was held on March 5, 2014. Counsel for Plaintiff appeared as well as Defendant Michael Chapman and his wife. Defendant Walter Chapman did not appear.

Plaintiff filed its Complaint in Interpleader against defendants Michael Chapman and Walter Chapman, surviving sons of Decedent Catherine Chapman. Decedent was an employee of General Electric Company and a participant in the General Electric Group Life Insurance Plan (the Plan), an ERISA-regulated employee welfare benefit plan sponsored by General Electric Company and funded by a group life insurance policy issued by Plaintiff, at the time of her death on September 1, 2011.

Decedent was enrolled under the Plan for life insurance coverage in the total amount of Twelve Thousand Seven Hundred Forty-eight and 00/100 ($12,748.00) Dollars (the Plan Benefits).

---

[1] The Report and Recommendation replaces the Report and Recommendation (Document # 43) filed February 10, 2014.

On September 13, 2011, Michael Chapman completed a statement of claim for the Plan Benefits. He offered a copy of a General Electric Company Statement of Benefits (GE Statement of Benefits) effective as of June 10, 2011, which provides that Michael Chapman is the sole primary beneficiary of the Plan Benefits. However, Plaintiff submits the Affidavit of a records custodian indicating that it is not in possession of the GE Statement of Benefits dated June 10, 2011, reflecting Michael Chapman as the sole primary beneficiary of the Plan Benefits.[2] Records Custodian Aff. ¶ 3 (Document # 51). The only beneficiary designation form provided to Plaintiff by the Plan is dated June 30, 1986, and names Michael Chapman and Walter Chapman as co-equal primary beneficiaries of the life insurance benefits.

It is undisputed that Michael Chapman is entitled to fifty percent of the Plan Benefits, or Six Thousand Three Hundred Seventy-Four and 00/100 ($6,374.00) Dollars, and that amount was paid to Michael Chapman plus $2.79 in interest on October 3, 2011. Therefore, $6,374.00 (50%) of the Plan Benefits (Remaining Plan Benefits) remains payable to the proper beneficiary.

By letter dated October 14, 2011, Plaintiff advised Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by Plaintiff without exposing the Plan to the danger of double liability. Plaintiff gave Defendants an opportunity to try to resolve this matter, but they were unable to do so.

Thus, Plaintiff filed the present action, asserting that, simply as the insurer, it has no interest in the Remaining Plan Benefits, and asking the court to determine to whom the Remaining Plan Benefits should be paid. Both Defendants filed Answers asserting their entitlement to the Remaining Plan Benefits.

---

[2]Counsel for Plaintiff indicated at the status conference that Plaintiff does not necessarily dispute the authenticity of the GE Statement of Benefits form submitted by Michael Chapman, but only notes that it did not receive that form from the Plan.

Plaintiff moved for and was granted permission to deposit the Remaining Plan Benefits into the Registry of the Court. Plaintiff has forwarded to the Court for deposit into the court registry the sum of $6,421.50, representing the Remaining Plan Benefits plus applicable interest. These funds were received in the Finance Department of the court, and were invested into an interest-bearing account.

Plaintiff seeks an Order (a) temporarily and permanently restraining Michael Chapman and Walter Chapman from instituting or prosecuting against MetLife, the Plan, or General Electric Company any claim in any state or United States court under the Plan for the Remaining Plan Benefits, plus any applicable interest payable as a consequence of the death of the Decedent; (b) releasing and discharging MetLife, the Plan, and General Electric Company from any and all liability under the Plan for the Remaining Plan Benefits, plus any applicable interest payable as a consequence of the death of the Decedent; (c) dismissing MetLife with prejudice from this action; and (d) such other and further relief to which it may be entitled.

In addition, at the status conference, Michael Chapman made an Oral Motion that any claim made by Walter Chapman to the Remaining Plan Benefits be dismissed for Walter Chapman's failure to appear at the hearing and that the Remaining Plan Benefits be released to him. In the Notice of Hearing entered February 10, 2014 (Document # 44), the undersigned noted that failure to attend the status conference could result in a recommendation that the non-complying party's claims or defenses be dismissed and that judgment adverse to that party's interests be entered. Rule 41 of the Federal Rules of Civil Procedure allows for dismissal of a party's claim for the party's failure to prosecute his claim, failure to comply with the Federal Rules of Civil Procedure or failure to comply with a court order. The Fourth Circuit has held that a "Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact . . . . [and

-4-

i]n view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989). Because Walter Chapman failed to appear at the court-ordered status conference, the undersigned concludes he has abandoned his claim to the Remaining Plan Benefits.

In light of the above discussion, it is recommended that Plaintiff's Motion to Dismiss (Document # 37) be granted, that Defendant Michael Chapman's Oral Motion be granted, Defendant Walter Chapman's claim to the Remaining Plan Benefits be dismissed, the Remaining Plan Benefits be disbursed to Defendant Michael Chapman, and this case be dismissed in its entirety.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

March 6, 2014  
Florence, South Carolina

**The parties are directed to the important information on the following page.**