IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Metropolitan Life Insurance Company, | ) | Civil Action No.: 4:12-cv-409-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Michael Chapman and Walter Chapman, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Metropolitan Life Insurance Company ("Plaintiff") filed this interpleader action against Defendants Michael Chapman and Walter Chapman ("Defendants") on February 14, 2012. *See* Compl., ECF No. 1. In the Complaint, Plaintiff asserts that Defendants are the surviving sons of decedent Catherine Chapman. *See id.* at ¶¶ 2–3. Plaintiff also claims that there is a dispute as to which of the Defendants is the proper beneficiary of a portion of Chapman's life insurance proceeds ("the Remaining Plan Benefits") under the General Electric Group Life Plan ("the Plan"), an ERISA-regulated employee welfare benefits plan sponsored by General Electric Company and funded by a group life insurance policy. Mot. to Dismiss, ECF No. 37 at 1. On June 26, 2012, Plaintiff made a motion to deposit the Remaining Plan Benefits with the registry of the court, *see* ECF No. 27, which the Court granted, *see* ECF No. 35. After depositing the funds into the registry of the Court, Plaintiff made filed a motion to dismiss on April 5, 2013. *See* ECF No. 37. The Magistrate Judge held a status conference on March 5, 2014 in relation to this motion. *See* Notice of Hearing, ECF No. 44; Minute Entry, ECF No. 50.

The matter is before the Court for review of the Amended Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C.

§ 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 53. In the Amended Report and Recommendation, the Magistrate Judge recommends that the Court grant Plaintiff's motion to dismiss. ECF No. 53 at 3–4. The Magistrate Judge also recommends the Court grant Defendant Michael Chapman's oral motion, which he made during the status conference, that any claim of Defendant Walter Chapman to the remaining benefits be dismissed and the balance of the funds released to him, as Defendant Walter Chapman did not appear at the status conference.[1] *Id.*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Amended Report and Recommendation. In the absence of objections to a Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead

---

[1] In the Notice of Hearing, the Court informed the Parties that failure to attend may result in a recommendation that any claims or defenses of that party be dismissed and a judgment adverse to their interests be entered. *See* ECF No. 44, at n.1.

2



must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Amended Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is **ORDERED** that Plaintiff's motion to dismiss is **GRANTED**. Defendants Michael Chapman and Walter Chapman are temporarily and permanently restrained from instituting or prosecuting against MetLife, the Plan, or General Electric Company any claim in any state or United States court under the Plan for the Remaining Plan Benefits, plus any applicable interest payable, as a consequence of the death of the decedent Catherine Chapman. Moreover, MetLife, the Plan, and General Electric Company are hereby released and discharged from any and all liability under the Plan for the Remaining Plan Benefits, plus any applicable interest payable as a consequence of the death of the Decedent.

**IT IS FURTHER ORDERED** that Defendant Michael Chapman's oral motion is **GRANTED**. Any claim of Defendant Walter Chapman's claim to the Remaining Plan Benefits, is **DISMISSED**. The Clerk is directed to disburse the Remaining Plan Benefits, currently deposited with the Court, to Defendant Michael Chapman.

Having addressed each of the remaining issues in the case, the action is **DISMISSED** in its entirety, *with prejudice*.

**IT IS SO ORDERED.**

R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 25, 2014

3